IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TRAVIS W. COOK**                                                                                       **PLAINTIFF**

   v.                              CIVIL NO. 5:22-cv-5025-TLB-MEF

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                         **DEFENDANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 22, 23). The Defendant has filed a response and the matter is now ripe for report and recommendation. (ECF No. 25).

On September 21, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,854.90 representing a total of 1.95 attorney hours for work performed in 2021 at an hourly rate of $206.00 and 29.20 attorney hours for work performed in 2022 at an hourly rate of $221.00. (ECF No. 22-1). On October 4, 2022, the Defendant filed a response objecting to the timeliness of the Plaintiff's motion and some of the hours requested by the Plaintiff. (ECF No. 25).

### I.      Discussion

A party may file for attorney fees under the EAJA within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B). A final judgment, for purposes of the EAJA, is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Where, as here, the United States Government is a party to proceedings, the appeal period runs for 60 days from the entry of a judgment. *See* Fed. R. App. P. 4(a)(1)(B). Thus, a request for an award of attorney fees under the EAJA may be filed up until

30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended.

In the present case, this Court remanded the case pursuant to the Administration's Motion for Sentence Four Remand on August 22, 2022. (ECF No. 21). As such, the Judgment became final and not appealable on November 21, 2022. While we agree that Plaintiff's motion was premature, we also note that the case was remanded on the Commissioner's Motion. Moreover, as of the date of this decision, the motion is now timely. Therefore, because the Administration has addressed the merits of the Plaintiff's motion in its response, the Court will rule on the merits of the case. We find that dismissing the matter and requiring the Plaintiff to refile the same exact motion, given these circumstances, would be inefficient; however, counsel for the Plaintiff is reminded of the time provisions found in 28 U.S.C. § 2412(d)(2)(G) and Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure.

Accordingly, it is the undersigned's opinion that the Plaintiff is entitled to a fee award in this case. The record clearly shows that he is the prevailing party; the government's decision to deny benefits was not "substantially justified"; and the hourly rate requested for attorney hours does not exceed the CPI for either year in question. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits) and *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour).

The Court has completed its independent review of counsel's itemized statement of services and finds the fees sought were reasonably expended in obtaining Plaintiff's relief, with the following deductions. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining

reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved). Defendant objects to a total of 3.25 attorney hours for work performed between December 23, 2021, and January 25, 2022, insisting that this time is not compensable because it consists of pre-complaint work. While we agree that most of these tasks were preformed prior to the filing of the complaint, it is reasonable that an attorney would need to conduct a review of the case and consult with the Plaintiff before deciding whether an appeal to this Court would be appropriate, even if she represented the client at the administrative level. As such, we recommend awarding 2.00 attorney hours for this pre-complaint work, reducing the total number of attorney hours awarded by 1.25. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved).

The Defendant also objects to 3.55 attorney hours requested between February 10, 2022, and April 20, 2022, for the following tasks: preparation of the complaint and summonses; emailing the court clerk; receiving and reviewing NEFs confirming the filing of the complaint, proof of service documents, and IFP petition; reviewing routine ECF emails; obtaining technical support; phone calls. Additionally, the Defendant contests .25 attorney hours for calendaring deadlines on May 23, 2022, and .25 hours for a July 15, 2022, phone call to the Plaintiff. We find that counsel is entitled to some time for preparing/reviewing the complaint and IFP application, reviewing

NEFs from the Court, and connecting with her client. However, we do find some of this time to be excessive. Accordingly, we propose the fee award be reduced by 1.80 hours.

As such, the undersigned recommends a total attorney's fee award in the amount of $6,199.60 ((.70 x $206 = $144.20) + (27.40 x $221 = $6,055.40)).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Accordingly, we recommend the Plaintiff be awarded the sum of **$6,199.60** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 6th day of January 2023.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE